# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-cr-00261-RK |
| (1) CLAUDE NGENEVU CHI, | ) |
| (2) FRANCIS CHENYI, SR., and | ) |
| (3) LAH NESTOR LANGMI, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' joint motion for judicial notice, advanced motion in limine, and proposed theory of defense for trial. (Doc. 142.) The motion is fully briefed. (Docs. 146, 148.) After careful consideration and for the reasons explained below, the Court **ORDERS** that Defendants' joint motion is **DENIED**.

### Background and Procedural Posture

Defendants Claude Ngenevu Chi; Francis Chenyi, Sr.; and Nestor Langmi have been charged in a four-count Indictment returned by a grand jury with violations of federal criminal law concerning various activities and actions undertaken in support of armed separatist forces operating within the Republic of Cameroon. (*See generally* Doc. 1.) Specifically, the Indictment in this case charges as follows: Count 1 – conspiracy to provide material support or resources to terrorists in violation of 18 U.S.C. § 2339A(a); Count 2 – providing or attempting to provide material support and resources to terrorists in violation of 18 U.S.C. § 2339A(a); Count 3 – receiving money from a ransom demand in violation of 18 U.S.C. § 880; and Count 4 – conspiring to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(2)(A) and (h).[1]

As to Counts 1 and 2, the Indictment charges that Defendants conspired or otherwise unlawfully provided and attempted to provide material support and resources—such as currency or monetary instruments, property, weapons, and services—knowing that such material support and resources were to be used in preparation for and in carrying out a violation of 18 U.S.C.

---

[1] Only Defendants Chi and Chenyi are charged in Count 2; all three Defendants are charged in Counts 1, 3, and 4.

§ 956(a) (conspiracy to kill, kidnap, or maim persons in a foreign country) or 18 U.S.C. § 2332a(b) (conspiracy to use a weapon of mass destruction outside the United States).  In a previous motion to dismiss, Defendant Chenyi argued that Counts 1 and 2 must be dismissed because the charges require the Court (improperly) to make determinations about nonjusticiable political issues—for example, whether the conflict in Cameroon "is a conflict for its people's self-determination and independence or . . . a conflict of terrorism," the status of the sovereignty of the Republic of Ambazonia within Southern Cameroon, and whether the acts underlying the criminal charges here are acts or crimes of "terrorism."  (*See generally* Doc. 108.)  Defendant Chenyi also argued that Counts 1 and 2 should be dismissed because defendants are entitled to an affirmative defense of lawful combatant immunity under international law.  (*Id.* at 5-6.)[2]  Magistrate Judge Counts issued a Report and Recommendation that the motion to dismiss be denied, which the Court subsequently adopted in full.  (Docs. 126, 133.)

In recommending that the motion to dismiss be denied, Judge Counts found in relevant part that the Indictment "use[s] the language of the statute and contain[s] all essential elements of the offenses charged."  (*Id.* at 9.)  She rejected Defendant Chenyi's argument that 18 U.S.C. § 2339A(a) (as charged in Counts 1 and 2) does not apply "because this case does not involve terrorism."  (*Id.*)  Judge Counts found that the statute "does not require . . . 'a connection between defendants and [a foreign terrorist organization].'"  (*Id.* (quoting *United States v. Hodzic*, No. 4:15 CR 49 CDP/DDN, 2016 WL 11578530, at *10 (E.D. Mo. Aug. 22, 2016)) (brackets added in the Report and Recommendation).)  Judge Counts further reasoned that the nonjusticiable political issues raised by Defendant Chenyi—particularly concerning a "political issue determination regarding the nature of the rebellion in Cameroon"—were "irrelevant since the Court need not make any such determination in ruling on the legal sufficiency of the allegations in the Indictment."  (*Id.* at 10.)  Finally, Judge Counts rejected Defendant Chenyi's argument that the lawful combatant immunity defense provided any grounds to dismiss Counts 1 and 2 of the Indictment, reasoning that "[a]s the combatants in the case before this Court were fighting in a non-international armed

---

[2] Defendant Chi earlier raised similar issues in seeking reconsideration and district court review of the detention order by the U.S. Magistrate Judge.  (*See* Docs. 46, 83-1.)  In denying relief from the detention order, the Court was not persuaded at that juncture that the lawful combatant immunity defense was applicable in this case and therefore found no persuasive value in Chi's assertion of the affirmative defense "for purposes of considering the weight of the evidence against him as to the matter of pre-trial detention under [18 U.S.C.] § 3145(b)."  (Doc. 101 at 4-5.)

2

conflict," the lawful combatant immunity defense does not apply. (*Id.* at 11.) As noted above, the Court agreed and adopted Judge Counts' Report and Recommendation in full.[3]

A jury trial is currently set to begin December 1, 2025. (Doc. 152.)

## Discussion

At this pre-trial stage, Defendants ask the Court to take judicial notice of and to "pre-admit" as evidence (a) certain factual assertions contained in nine proffered paragraphs and (b) six government documents pertaining to the conflict in Cameroon. Defendants argue that the proffered factual paragraphs and government documents are all relevant to a Theory of Defense as to Counts 1 and 2 that "negates the element of specific intent to aid a terrorist organization or activity." In other words, Defendants argue that these factual paragraphs and documents are relevant to showing that "Defendants acted with the intent to ameliorate the humanitarian crisis in Cameroon and to counteract rampant human rights abuses committed against English-speaking Southern Cameroonians" to negate a specific-intent element of 18 U.S.C. § 2339A(a) for which the Government must prove that the material support and resources Defendants provided were specifically intended to aid a terrorist organization or terrorist group or to further terrorist activity by such organization or group. The United States argues that "[w]hile a small number of the Requested Facts are relevant, the vast majority of them, and all of the Documents, are irrelevant to the issues actually before the Court in this litigation," to the extent that the proffered Theory of Defense is "unavailable as a matter of law." Defendants request that the Court's ruling as to these issues be deemed "definitive" pursuant to Rule 103(b) of the Federal Rules of Evidence.

It is axiomatic that under the Federal Rules of Evidence, relevant evidence is admissible—subject to other considerations such as unfair prejudice, confusing the issues, etc., *see, e.g.*, Fed. R. Evid. 403—and irrelevant evidence inadmissible. Accordingly, before deciding whether the judicial notice requested by Defendants here is warranted or is proper,[4] the Court first considers

---

[3] In doing so, the Court emphasized that "nothing in the Report and Recommendation forecloses the Defendant[s] from raising [the lawful combatant immunity defense] at a later point." (Doc. 133 at 1 n.1.)

[4] Under Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute," which means that the fact "is generally known within the trial court's territorial jurisdiction" or the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201(b)(1)-(2). Under Rule 201(c), the district court "must take judicial notice if a party requests it and the court is supplied with the necessary information," otherwise, the Court "may take judicial notice on its own." The Court is permitted to take judicial notice "at any stage of the

3

whether the proffered Theory of Defense is available as a matter of law. If the proffered Theory of Defense is not available as a matter of law, Defendants' request for judicial notice and pre-admission of the proffered facts and documents as relevant to the Theory of Defense necessarily falls by the wayside.

I.  **Relevant Statutory Framework**

Relevant to Counts 1 and 2 of the Indictment, 18 U.S.C. § 2339A(a) provides:

> **(a) Offense.**—Whoever provides material support or resources . . . knowing or intending that they are to be used in preparation for, or in carrying out, a violation of [18 U.S.C. §§ 956 or 2332b[5]] . . . or attempts or conspires to do such an act, shall

---

proceeding." Rule 201(d). In a criminal case like this one, to the extent the Court takes judicial notice of any adjudicative fact, the jury is instructed that "it may or may not accept the noticed fact as conclusive." Rule 201(f).

In this vein, the Court notes that the nine factual paragraphs submitted for judicial notice and pre-admission are largely each accompanied by a citation to a Notice of Temporary Protected Status designation promulgated by the United States Citizenship and Immigration Services, Department of Homeland Security on June 7, 2022, as published in the Federal Register at 87 Fed. Reg. 34706-713. (Under the Immigration Act of 1990, the Secretary of Homeland Security may, through a TPS designation, "temporarily permit nationals from certain countries to live and work in the United States when an ongoing armed conflict, environmental disaster, or other conditions prevent the safe return of those persons to their countries of origin." *Ramos v. Nielson*, 321 F. Supp. 3d 1083, 1091 (N.D. Cal. 2018); *see* 8 U.S.C. § 1254a; *see also Ramirez v. Brown*, 852 F.3d 954, 956 (9th Cir. 2017) (outlining the statutory framework of the Temporary Protected Status program).)

By federal statute, documents published in the Federal Register are subject to judicial notice. *See* 44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed . . ."; *United States v. Levin*, 443 F.2d 1101, 1106 (8th Cir. 1971) (citing § 1507). Neither party cites this statute. It appears to the Court (and would explain why neither party cited § 1507) that there is an important distinction between taking judicial notice of the Notice of Temporary Protected Status as promulgated by the Department of Homeland Security and published in the Federal Register (which is required under § 1507) and taking judicial notice of or admitting into evidence the facts themselves which are contained within the published notice. *See In re Poirier*, 346 B.R. 585, 587-88 (Bankr. D. Mass. 2006) (distinguishing between taking judicial notice of the law as published in the Federal Register and taking judicial notice of adjudicative facts). Nonetheless, the Court need not consider these issues further at this juncture for the reasons explained above.

[5] In full, § 2339A(a) sets forth:

> **Offense.**—Whoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a violation of *section 32, 37, 81, 175, 229, 351, 831, 842(m) or (n), 844(f) or (i), 930(c), 956, 1091, 1114, 1116, 1203, 1361, 1362, 1363, 1366, 1751, 1992, 2155, 2156, 2280, 2281, 2332, 2332a, 2332b, 2332f, 2340A, or 2442 of this title, section 236 of the Atomic Energy Act of 1954 (42 U.S.C. 2284), section 46502 or 60123(b) of title 49, or any offense listed in section 2332b(g)(5)(B) (except for Sections 2339A and 2339B) or in preparation for, or in carrying out, the*

4

be fined under this title, imprisoned not more than 15 years, or both, and, if the death of any person results, shall be imprisoned for any term of years or for life.

As charged in this case, the two predicate offenses under § 2339A(a) are (1) conspiracy to kill, kidnap, or maim persons in a foreign country (18 U.S.C. § 956(a)), and (2) conspiracy to use a weapon of mass destruction outside the United States (18 U.S.C. § 2332a(b)). Title 18 U.S.C. § 956(a) provides:

> Whoever, within the jurisdiction of the United States, conspires with one or more persons, regardless of where such other person or persons are located, to commit at any place outside the United States an act that would constitute the offense of murder, kidnapping, or maiming if committed in the special maritime and territorial jurisdiction of the United States shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy, be punished as provided in subsection (a)(2).

And finally, 18 U.S.C. § 2332a(b), provides:

> Any national of the United States who, without lawful authority, uses, or threatens, attempts, or conspires to use, a weapon of mass destruction outside of the United States shall be imprisoned for any term of years or for life, and if death results, shall be punished by death, or by imprisonment for any term of years or for life.

## II. Defendants' Proffered Theory of Defense as to Counts 1 and 2

Defendants' proffered Theory of Defense as to Counts 1 and 2—on which their request for judicial notice and pre-admission necessarily rests—asserts that a conviction under 18 U.S.C. § 2339A(a) requires a showing of Defendants' "specific intent to aid a terrorist organization or activity," or in other words that the material support or resources they are alleged to have provided were specifically intended "to further unlawful terrorist activity" as perpetrated by a terrorist

---

*concealment of an escape from the commission of any such violation*, or attempts or conspires to do such an act, shall be fined under this title, imprisoned not more than 15 years, or both, and, if the death of any person results, shall be imprisoned for any term of years or for life. A violation of this section may be prosecuted in any Federal judicial district in which the underlying offense was committed, or in any other Federal judicial district as provided by law.

(Emphasis added for brackets in text above). Among others, the enumerated predicate offenses for a violation of § 2339A(a) include: destruction of aircraft or aircraft facilities (18 U.S.C. § 32); arson (18 U.S.C. § 81); development, production, or possession of biological agent, toxin, or delivery system for use as a weapon (18 U.S.C. § 175); assassination, kidnapping, and assault of a Member of Congress, cabinet secretary, justice of the United States Supreme Court, among others (18 U.S.C. § 351); killing or attempting to kill any officer or employee of the United States (18 U.S.C. § 1114); murder or manslaughter of foreign officials, official guests, or internationally protected persons (18 U.S.C. § 1116); terrorist attacks and other violence against railroad carriers and against mass transportation systems on land, on water, or through the air (18 U.S.C. § 1992); and torture (18 U.S.C. § 2340A).

organization or terrorist group. (Doc. 142 at 6.) The Court disagrees with this argument for the same reasons previously stated by Magistrate Judge Counts in her Report and Recommendation to deny Defendant Chenyi's motion to dismiss asserting largely the same argument.

In short, the Court finds that the elements of an offense under § 2339A(a) are as follows: **first, as charged in Count 1**—(1) the defendants entered into a conspiracy; (2) the objective of the conspiracy was to provide material support or resources; and (3) the defendants knew and intended that the material support or resources would be used in preparing for, or in carrying out, a conspiracy to kill persons in a foreign country (or a violation of 18 U.S.C. § 956) or a conspiracy to use a weapon of mass destruction outside of the United States (or a violation of 18 U.S.C. § 2332a(b)); and **second, as charged in Count 2**—(1) the defendants knowingly and willfully provided and attempted to provide (2) material supplies and resources, (3) knowing and intending that such support was to be used in preparation for, and in carrying out, a conspiracy to use a weapon of mass destruction outside of the United States (or a violation of 18 U.S.C. § 2332a(b)). *See United States v. Moalin*, 973 F.3d 977, 1006 (9th Cir. 2020); *United States v. Hodzic*, No. 4:15 CR 49 CDP/DDN, 2016 WL 11578530, at *2 (E.D. Mo. Aug. 22, 2016), *adopted by* 355 F. Supp. 3d 825 (E.D. Mo. 2019).

Simply put, a violation of § 2339A(a) "and conspiracy to do the same, do[es] not include any element related to 'terrorism,'" as referring to a terrorist act or terrorist activity undertaken by or related to a terrorist organization or terrorist group. *United States v. Leveille*, Case No. 1:18-cr-2945-WJ, 2023 WL 5043875, at *3 (D.N.M. Aug. 8, 2023); *see also Holder v. Humanitarian L. Project*, 561 U.S. 1, 17 (2010) (noting that § 2339A(a) "do[es] not refer to intent to further terrorist activity" but rather that the material support or resources be intended to be used for preparation or in carrying out "a violation of statutes prohibiting violent terrorist acts"). Put another way, § 2339A(a) "focuses on the offense for providing support for specific enumerated crimes"; "[t]here is no language in section 2339A(a) that would require the government to prove that the material support or resources went to or were intended for a group designated as a terrorist organization." (Doc. 126 at 9, 10.)

Accordingly, the Court finds that Defendants' proffered Theory of Defense as to Counts 1 and 2—that is, as negating the element of specific intent to aid a terrorist organization or terrorist activity by a terrorist organization or terrorist group by showing that Defendants were "act[ing] with the intent to ameliorate the humanitarian crisis in Cameroon and to counteract rampant human

rights abuses committed against English-speaking Southern Cameroonians"—is not supported as a matter of law and instead relies on an improper statement of the law. Because Defendants argue only that the facts and documents for which they seek judicial notice and pre-admission are relevant to this specific-intent Theory of Defense which the Court rejects, the Court does not consider at this juncture whether judicial notice of the requested facts is appropriate or warranted in the context of this case as a whole or if the facts and documents submitted are otherwise admissible evidence at trial.[6] Pursuant to Rule 103(b) of the Federal Rules of Evidence, at the request of Defendants, the Court's order as set out above is definitive on the issue of the proffered specific-intent Theory of Defense (and therefore is definitive as to the propriety of judicial notice or pre-admission of the submitted facts and documents only as relevant to the specific-intent Theory of Defense).

## Conclusion

After careful consideration and review, and for the reasons explained above, the Court **ORDERS** that Defendants' joint motion for judicial notice, advanced motion in limine to admit evidence, and proposed theory of defense for trial (Doc. 142) is **DENIED**.

**IT IS SO ORDERED**.

                                                  s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: April 25, 2025

---

[6] The Court understands Defendants' joint motion here as only proffering this specific-intent Theory of Defense and not as proffering any other potentially applicable defense, such as that of lawful combatant immunity under international law, self-defense, or defense of others. (*See* Docs. 142 at 1, 5, 7.) To reiterate, the Court's ruling here is limited to considering whether the submitted facts and documents should be judicially noticed or pre-admitted as relevant to this proffered specific-intent Theory of Defense only. The Court's order should not be construed as making any determination on any other issue, including relevancy or admissibility of any evidence, the propriety of judicial notice of these asserted facts otherwise, or the possibility of any other defense instruction at trial. The Court notes, for example, that the United States generally agrees that the "fact of the violent crisis [in Cameroon] is relevant to describe the *res gestae* of the Defendants' material support to separatists to commit the specified enumerated offenses," but that this relevancy is different from what Defendants' argue for here—that is to establish as a legal defense they did not have the specific intent to provide material support or resources to support *terrorists* or a *terrorist group* or *organization*. (Doc. 146 at 11.)